IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CREDIT SUISSE SECURITIES (USA) LLC | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 23-cv-00325 |
| | ) |
| WILLIAM K. BLANCHARD, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**CREDIT SUISSE SECURITIES (USA) LLC'S PETITION
TO CONFIRM ARBITRATION AWARD**

**I.     INTRODUCTION**

Pursuant to section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, Credit Suisse Securities (USA) LLC ("Credit Suisse" or "Petitioner") requests that this Court enter an Order confirming the arbitration award (the "Final Award"), dated August 15, 2022 rendered by the arbitrator in the Judicial Arbitration and Mediation Services ("JAMS") arbitration captioned *Credit Suisse Securities (USA) LLC v. William K. Blanchard*, JAMS Ref. No. 1340019382 (the "Arbitration"), and enter final judgment thereon. The Final Award is attached to the Declaration of Sean K. Mullen ("Mullen Decl.") as Exhibit 1.

**II.     THE PARTIES**

1.     Petitioner Credit Suisse is a limited liability corporation organized existing under the laws of the State of Delaware with its principal place of business at 11 Madison Avenue, New York, New York 10010. Credit Suisse's sole member is Credit Suisse (USA), Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 11 Madison Avenue, New York, New York 10010.

2. Respondent William K. Blanchard ("Blanchard" or "Respondent"), is an individual who resides in Evanston, Illinois. Until his termination of employment with Credit Suisse on April 7, 2016, Blanchard was employed in the Chicago office of Credit Suisse's Private Banking USA business.

### III. VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this dispute pursuant to the Federal Arbitration Act, 9 U.S.C. § 9.

4. This Court independently has subject matter jurisdiction as the result of diversity of citizenship given that Blanchard is a citizen of Illinois and Credit Suisse is a citizen of Delaware and New York, and the amount in controversy is in excess of $75,000. 28 U.S.C. § 1332(a).

5. This Court has personal jurisdiction over Blanchard because the cause of action giving rise to this arbitration arose from and/or was related to Blanchard's conduct in, and contacts with, Illinois, where he has at all relevant times resided.

6. Venue is proper in this Court pursuant to 9 U.S.C. § 9 as the underlying arbitration took place in Chicago, Illinois. Separately and independently, venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the underlying arbitration occurred within this District.

7. Rule 25 of the JAMS Employment Arbitration Rules & Procedures, which governed the conduct of the arbitration, provides that "Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof."

## IV. SUMMARY OF RELEVANT FACTS

### A. Agreement to Arbitrate

8. Blanchard was employed by Credit Suisse as a Relationship Manager ("RM") in the Private Banking USA division of Credit Suisse beginning in August 2012.

9. Pursuant to Blanchard's Offer Letter from Credit Suisse ("Offer Letter"), which he signed on August 27, 2012, Blanchard is subject to the Credit Suisse Employment Dispute Resolution Program (the "EDRP"). (Mullen Decl. Ex. 2 at 11.)

10. The EDRP states that Credit Suisse is "required to bring any claims it may have against employees located in the U.S. under the [EDRP] if the claims are of the type covered by the [EDRP]." (Mullen Decl. Ex. 3 at 45.)

11. The EDRP covers actions for breach of contract. (*Id*. at 45-46.)

12. The EDRP requires Credit Suisse and its employees to submit disputes that cannot be resolved through internal grievance procedures to mediation by a third party neutral, and if such mediation is unsuccessful, to submit the dispute to final, binding arbitration. (*Id*. at 48-49.)

### B. Factual Background

13. When he joined Credit Suisse, Blanchard received an upfront, tax-deferred lump sum cash payment of $600,000 reflected in an executed Promissory Note (the "Note") from Credit Suisse. (Mullen Decl. Ex. 4.) So long as Blanchard remained an employee in good standing, he received a "monthly supplemental payment" approximately equal to the monthly amount (including interest) due under the Note. (Mullen Decl. Ex. 2 at 2-3.) Pursuant to both the Note and the Offer Letter, any unpaid principal and interest due would be accelerated and become payable in full if Blanchard's employment with Credit Suisse ceased "for any reason."

14. In June 2013, Blanchard executed an Amended and Restated Promissory Note that lengthened the term and increased the interest rate of the Note, but otherwise did not alter the

3

terms of the Note, including that any unpaid principal and interest due would be accelerated and become payable in full if Blanchard's employment with Credit Suisse ceased "for any reason." (Mullen Decl. Ex. 5.)

15. On April 7, 2016, Blanchard's employment with Credit Suisse terminated. As of that date, Blanchard owed Credit Suisse $399,911.82 on the Amended and Restated Promissory Note. Credit Suisse sought recovery of that amount, plus applicable interest, but Blanchard did not make any payments on the loan balance after leaving Credit Suisse.

16. On June 29, 2016, pursuant to the EDRP, Credit Suisse filed a demand for mediation with JAMS, a copy of which was sent to Blanchard's counsel on the same date.

17. The parties participated in a mediation before JAMS on January 21, 2021, but the mediation was unsuccessful. On January 22, 2021, Credit Suisse sent notification to Blanchard's counsel that it deemed its obligation to attempt to mediate the parties' dispute pursuant to the EDRP discharged.

C. **The Arbitration**

18. On March 5, 2021, Credit Suisse filed a Statement of Claim in FINRA Dispute Resolution asserting a claim for breach of contract and seeking repayment in full of the amount due, plus applicable interest.

19. Blanchard executed a Uniform Submission Agreement on April 27, 2017 and Answered and filed Counterclaims in FINRA for breach of contract and breach of the duty of good faith and fair dealing. Blanchard asserted, among other things, that the Amended and Restated Promissory Note was not a valid contract and that Credit Suisse had breached its duties to Blanchard by not providing certain forms of career support and by exiting the Private Banking USA business before Blanchard's Note was fully repaid.

4

20. The parties subsequently agreed to transfer the arbitration to JAMS and filed a stipulation in FINRA Dispute Resolution to that effect on May 24, 2021. Credit Suisse filed a Demand for Arbitration in JAMS on June 21, 2021.

21. The arbitration hearing was held in person from May 24 through 26, 2022 in Chicago, Illinois before JAMS Arbitrator Judge Wayne R. Andersen (Ret.).

22. On June 8, 2022, the Arbitrator issued an Interim Award denying Blanchard's counterclaims and holding Blanchard liable for repayment of the original Note but not on the Amended and Restated Note. (Mullen Decl. Ex. 6.) The Arbitrator directed the parties to calculate the balance due under the original Note based on the payments made by Blanchard while he was employed by Credit Suisse.

23. On August 15, 2022, the Arbitrator issued a Final Award fixing the amount of the award as $379,853.94, plus $8.68 in interest per day from July 5, 2022. (Mullen Decl. Ex. 1.) The Final Award also directed that if the award was not paid by September 16, 2022, interest would begin accruing at the contractual default rate of 4.88%.

### V. ARGUMENT AND AUTHORITIES

24. It is well established that a court's review of the arbitration process is extremely limited. Under the FAA, the exclusive grounds for vacating an arbitration award in both state and federal court are set forth in 9 U.S.C. § 10(a).

25. Section 10(a) permits vacating an arbitration award under only the following, limited circumstances: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in any of the arbitrators; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators

exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

24. Federal courts applying these standards hold – consistently – that a district court's power to review an arbitration award is extremely narrow, and an award can be vacated only in very unusual circumstances. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013); *see also Am. Zurich Ins. Co. v. Caton Park Nursing Home*, No. 21-CV-4698, 2022 WL 1136579, at *2 (N.D. Ill. Apr. 18, 2022); *Benescript Servs., Inc v. Healthtran LLC*, No. 11-CV-9070, 2014 WL 5784707, at *2 (N.D. Ill. Nov. 6, 2014).

25. This Application is being filed on a timely basis, and there are no grounds for modifying, correcting, or vacating the Final Award, which therefore should be confirmed.

### VI. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Credit Suisse hereby petitions and moves the Court to confirm the Final Award, and for entry of final judgment in conformity therewith. In particular, Credit Suisse prays for the following relief:

1. An order granting the Petition to Confirm Arbitration Award;

2. Entry of a Final Judgment that:

    a. confirms the Final Award;
    b. awards Credit Suisse costs incurred in connection with proceedings to confirm the Final Award;
    c. awards pre-judgment and post-judgment interest; and

3. Such other relief as the Court finds just and proper.

Dated: January 19, 2023                    Respectfully submitted,

                                                                        FISHER & PHILLIPS LLP

                                                                        */s/ Franklin Z. Wolf*
                                                                        One of the Attorneys for Petitioner Credit Suisse Securities (USA) LLC

Franklin Z. Wolf
Fisher & Phillips LLP
10 S. Wacker Drive, Suite 3450
Chicago, Illinois 60606
(312) 346-8061
fwolf@fisherphillips.com